CITIZENS' WATER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 71710, 74076. Promulgated June 11, 1935.

*LaMonte Cowles, Esq.*, for the petitioner.
*G. W. Brooks, Esq.*, for the respondent.

752

OPINION.

ARUNDELL: The sole issue presented for our decision is whether the entire net income of petitioner is exempt from Federal income tax under the provisions of section 116 (d) of the Revenue Act of 1928, which provides as follows:

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this title:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(d) *Income of States, municipalities, etc.*—Income derived from any public utility or the exercise of any essential governmental function and accruing to any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, or income accruing to the Government of any possession of the United States, or any political subdivision thereof.

Whenever any State, Territory, or the District of Columbia, or any political subdivision of a State or Territory, prior to September 8, 1916, entered in good faith into a contract with any person, the object and purpose of which is to acquire, construct, operate, or maintain a public utility—

(1) If by the terms of such contract the tax imposed by this title is to be paid out of the proceeds from the operation of such public utility, prior to any division of such proceeds between the person and the State, Territory, political subdivision, or the District of Columbia, and if, but for the imposition of the tax imposed by this title, a part of such proceeds for the taxable year would accrue directly to or for the use of such State, Territory, political subdivision, or the District of Columbia, then a tax upon the net income from the operation of such public utility shall be levied, assessed, collected, and paid in the manner and at the rates prescribed in this title, but there shall be refunded to such State, Territory, political subdivision, or the District of Columbia (under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary) an amount which bears the same relation to the amount of the tax as the amount which (but for the imposition of the tax imposed by this title) would have accrued directly to or for the use of such State, Territory, political subdivision, or the District of Columbia, bears to the amount of the net income from the operation of such public utility for such taxable year.

(2) If by the terms of such contract no part of the proceeds from the operation of the public utility for the taxable year would, irrespective of the tax imposed by this title, accrue directly to or for the use of such State, Territory, political subdivision, or the District of Columbia, then the tax upon the net income of such person from the operation of such public utility shall be levied, assessed, collected, and paid in the manner and at the rates prescribed in this title.

The first contention of the petitioner is that its entire net income under the terms of the ordinance accrues to and is the property of the city of Burlington and is exempt from tax under the provisions of the first paragraph of section 116 (d), *supra.* With this contention we do not agree. This paragraph was intended to exempt the city from taxation upon income which it actually receives from any public utility or from the exercise of an essential governmental function. Cf. *Philadelphia Rapid Transit Co.*, 8 Fed. Supp. 152. During the taxable years here under consideration the city of Burlington owned one third of petitioner's outstanding common stock and approximately one third of its preferred stock. The city also owned approximately one half of the petitioner's outstanding first mortgage 5-percent bonds. As a stockholder it received from petitioner dividends of 6 percent on the common stock and 5 percent on the preferred

stock, and as a bondholder it was entitled to receive the interest due on the bonds. These dividends and this interest represent the only part of the petitioner's income which accrued to or was received by the city during the taxable years 1930 and 1931. It is true, as petitioner points out, that the city under the terms of the ordinance could take full possession and ownership of the water works by giving petitioner one year's notice and paying par and accrued dividends on all outstanding stock, and thus get the benefit of accretions in the " water fund " arising out of the tax of 5 mills and unused earnings. But the city did not exercise this right during the taxable years here under consideration and we are not, therefore, impressed with petitioner's argument that its net income accrued to and became the property of the city of Burlington. The petitioner is a private corporation and the city is one of its stockholders. It is too well settled to require citation that a corporation is a taxable entity separate and distinct from its stockholders and that the income of a corporation is not the income of its stockholders. The first paragraph of section 116 (d), *supra*, exempts from taxation income which is received by a state or political subdivision thereof from any public utility. In our opinion it grants no exemption to a public utility corporation even though a substantial portion of its unused earnings may at some future time accrue to the benefit of a political subdivision of a state.

It is unnecessary here to discuss in detail the provisions of the second paragraph of section 116 (d), *supra*, because under either subdivision (1) or (2) of this paragraph the entire net income of the petitioner is taxable. Under subdivision (1) the city of Burlington would be entitled to a refund if the imposition of the tax upon the net income of petitioner diminished the amount of the proceeds from the operation of the water works which would accrue directly to the city during the taxable year. The city is not a party to these proceedings and the question of how much of the tax, if any, is refundable to it need not here be determined.

In support of its position that its entire net income is exempt from taxation petitioner relies on the decision of the Circuit Court of Appeals for the First Circuit in *Jamestown & Newport Ferry Co.* v. *Commissioner*, 41 Fed. (2d) 920 (reversing 16 B. T. A. 638). That decision is not controlling here as the facts in that case differ in many important respects from those here involved and it was decided under the provisions of section 213 (b) (7) of the 1921 Act, which differ materially from those contained in section 116 (d) of the 1928 Act. Section 213 (b) (7) provided that " no tax shall be levied under the provisions of this title upon the income derived from the operation of such public utility, so far as the payment thereof will impose a loss or burden upon such state * * * or political subdivision." Section 116 (d) of the 1928 Act provided that " a tax upon the net

income from the operation of such public utility shall be levied, assessed, collected, and paid * * * but there shall be refunded to such State, * * * political subdivision an amount " etc. Under the 1921 Act the public utility was exempted from the payment of that part of the tax on its net income which would impose a burden on the state or political subdivision. Under the 1928 Act the public utility paid the tax on its entire net income and the state or political subdivision was granted a refund of the amount which it lost as a result of the imposition of the tax.

It is our conclusion that section 116 (d), *supra*, was not intended by Congress to relieve a private public utility corporation, such as petitioner, operating a water works under contract with a municipality, from taxation on its net income. This section was in our opinion enacted to relieve states and political subdivisions thereof from the loss or burden which might result from the imposition of taxes by the Federal Government on income received by or accruing to them from any public utility or from a public utility corporation with which a contract had been negotiated prior to September 8, 1916. It grants no exemption to this petitioner.

*Judgment will be entered for the respondent.*